# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ULRICH W. SMITH, BAR NO. 2274.

No. 72851

**FILED**

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Ulrich W. Smith.

In the plea agreement, Smith admitted to violating the following Rules of Professional Conduct related to his representation of one elderly client in a trust matter: 1.2 (scope of representation and allocation of authority between client and lawyer); 1.4 (communication); 1.5 (fees); 1.7 (conflict of interest: current clients); 1.16 (declining or terminating representation); and 3.1 (meritorious claims and contentions). Smith violated those rules by informing his client that he would be forwarding her trust distributions to himself for accounting purposes and insisting that she authorize him to do so; failing to provide accounting updates and timely distribute monthly trust dividends to the client; unilaterally retaining a $5,000 fee for himself from a trust distribution; petitioning to appoint

17-41048

himself as guardian for the client who had since terminated his representation and even though he knew that the client had been deemed competent to make her own financial and legal decisions; falsely stating in the guardianship petition that he had never been suspended from the practice of law; refusing to turn over the client's file to new counsel; refusing to provide a billing to the client; and billing for the time he spent trying to pursue an unauthorized guardianship that neither the client nor her family ever consented to or wanted. In exchange for Smith's guilty plea, the State Bar agreed to dismiss charges that Smith violated RPC 1.6 (confidentiality of information), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 3.3 (candor toward the tribunal), RPC 4.1 (truthfulness in statements to others), and RPC 8.4 (misconduct). Smith agreed to a 90-day suspension, to pay restitution, to complete 4 hours of continuing legal education (CLE) in addition to the hours required by SCR 210, and to pay the costs of the disciplinary proceeding and hearing transcript.

Based on our review of the record and weighing the duties violated, Smith's mental state, the potential or actual injury caused by his misconduct, and the aggravating and mitigating factors, *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Although motivated by his concern for the client's trust, Smith acted with intent in violating duties owed to his client, the public, and the profession resulting in actual or potential injury to all. The baseline sanction for Smith's misconduct, before considering aggravating or mitigating factors, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar

Ass'n 2015) (providing that suspension is appropriate "when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *see id.* Standard 4.42(b) (suspension is the baseline sanction when a lawyer "engages in a pattern of neglect [and] causes injury or potential injury to a client"); Standard 6.22 (addressing failure to bring a meritorious claim and recommending suspension when a lawyer knows he is violating a court rule); Standard 7.2 (recommending suspension when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports two aggravating factors (prior disciplinary offenses and substantial experience in the practice of law) and two mitigating factors (character and reputation and remorse). Considering the rule violations, Smith's mental state, the actual and potential injuries to Smith's client, the profession, and the public, and the aggravating and mitigating factors, we conclude that the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Ulrich W. Smith from the practice of law in Nevada for a period of 90 days from the date of this order. Smith must also comply with the following conditions. Within 60 days from the date of this order, Smith must pay $5,000 in restitution to the client named in the complaint. Within 30 days from the date of this order, Smith must pay $2,500 in costs and the actual cost of the disciplinary hearing transcript. *See* SCR 120. Within 1 year from the date of this order, Smith must complete 4 hours of CLE, 2 of which must be in ethics and law practice

management, in addition to the hours required by SCR 210. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.



_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Parraguirre

PICKERING, HARDESTY, and STIGLICH, JJ., dissenting:

We would reject the conditional guilty plea agreement because the length of the suspension is insufficient to serve the purpose of attorney discipline considering the nature of the misconduct, the actual and potential harm resulting from Smith's misconduct, and Smith's previous disciplinary history, which included some of the same rule violations that occurred in this matter. Accordingly, we dissent.

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
     William B. Terry, Chartered
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court